**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Nos. 9:16-cv-80109 and 9:16-cv-81569**

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

ILLUSTRATED PROPERTIES REAL ESTATE INC.,    Case No 9:16-cv-80109-WPD
FRANCHESCA FLORA, MARILYN DIANE PEIRCE,
SUZANNE N. STOLL, SHAWNA LYNN BEDFORD,
KATHLEEN S. MCLANE, and GEORGE TAMASI,

    Defendants.

---

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

ILLUSTRATED PROPERTIES REAL ESTATE INC.,    Case No.: 9:16-cv-81569-WPD
KATHLEEN S. MCLANE,  EMMY BUCKMAN,
MAUREEN R. SMITH, ROSE VASHA, GABRIEL
VASHA, JENNIFER HYLAND, and ROSE "DOLLY"
M. PETERS,

    Defendants.

---

**MOTION FOR CONTEMPT WITH
INCORPORATED MEMORANDUM OF LAW**

## **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1
II. FACTS ........................................................................................................................... 1
III. MEMORANDUM OF LAW ......................................................................................... 5
    A.  Requirements for Contempt ................................................................................ 6
    B.  Defendants Violated the Preliminary Injunction ................................................. 6
IV. CONCLUSION .............................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Chicago Truck Drivers Union Pension Fund v. Brotherhood Labor Leasing,* 207 F.3d 500 (8th Cir. 2000)................................................................................................................... 4

*Howard Johnson Co. v. Khimani,* 892 F.2d 1512 (11th Cir. 1990)............................................... 5

*Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529 (11th Cir. 1986). ................................................................................................................................. 5

*Travelhost, Inc. v. Blandford,* 68 F.3d 958 (5th Cir. 1995............................................................... 4

*Waffenschmidt v. MacKay, 763 F.2d 711 (5th Cir.1985), cert. denied, 474 U.S. 1056 (1986).* .... 4

I. INTRODUCTION

On February 3, 2017 this Court entered a Preliminary Injunction against Illustrated Properties Real Estate Inc. ("Illustrated") and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them from copying, displaying, or distributing AAP's photographs in any media including on the internet or on any multiple listing service without license, permission or authorization of AAP. (DE 55 at 2). Illustrated was further ordered to furnish a copy of the preliminary injunction to all Illustrated employees, real estate associates and brokers associated with Illustrated. (*Id*.).

The injunction has been in effect for over three months.  As set forth in full detail in the Declaration of Robert Stevens that accompanies this motion, despite ample time and opportunity to comply with the injunction, Illustrated and its real estate agents have continued to infringe. Illustrated and its real estate agents have failed to remove infringements and have committed new infringements of AAP's works in violation of this Court's injunction.  Illustrated and its agents have violated the injunction and continue to do so.  Therefore, for the reasons set forth herein, Illustrated should be held in contempt.

II. FACTS

1. This Court entered its injunction on February 3, 2017.  The injunction prohibited Illustrated and its agents from copying, displaying, or distributing AAP's photographs in any media. (DE 55).

2. Beginning on February 24, 2017, Rose Vasha and Illustrated copied, displayed, and distributed AAP's copyrighted Ocean Royale work in an MLS listing for the rental of the property located at 700 Ocean Royale Way 1004 Juno Beach, FL. AAP's copyrighted Ocean Royale work is still in the MLS listing to date. (Stevens Decl. ¶ 7).

3.      Beginning on March 8, 2017, Rose Vasha and Illustrated copied, displayed, and distributed AAP's copyrighted Ocean Royale work in an MLS listing for the sale of the property located at 750 Ocean Royale Way 303 Juno Beach, FL. AAP's copyrighted Ocean Royale Work was only removed from the MLS listing on April 28, 2017 after Illustrated was confronted with the infringement in its deposition on April 25, 2017. (Stevens Decl. ¶ 8).

4.      After the injunction was entered, Rose and Gabriel Vasha ran print advertisements in the March, April, and May 2017 editions of *The Real Estate Book* for Palm Beach County for listing for the sale of the property located at 750 Ocean Royale Way 602 Juno Beach, FL that included infringing photographs belonging to AAP. (Stevens Decl. ¶¶ 9, 10, 27).

5.      On February 25, 2017, Illustrated and Rose Vasha posted a video on YouTube that copies, displays and distributes AAP's Ocean Royale Work on Illustrated's YouTube channel.  The video has not been removed from YouTube to date. (Stevens Decl. ¶ 13).

6.      On March 8, 2017, Illustrated and Rose Vasha posted a video on YouTube that copies, displays and distributes AAP's Ocean Royale Work on Illustrated's YouTube channel. The video is still on YouTube and has not been removed to date. (Sevens Decl. ¶ 14).

7.      After the injunction was entered, Rose Vasha and Illustrated failed to remove AAP's copyrighted Ocean Royale work from their MLS listing for the sale of the property located at 750 Ocean Royale Way 1004, Juno Beach, FL. (Stevens Decl. ¶ 4).

8.      After the injunction was entered, Rose Vasha and Illustrated failed to remove AAP's copyrighted Ocean Royale work from their MLS listing for the sale of the property located at 700 Ocean Royale Way 1004, Juno Beach, FL. (Stevens Decl. ¶ 5).

9. After the injunction was entered, Suzanne Stoll and Illustrated failed to remove AAP's copyrighted Ibis Isle work from their MLS listing for the sale of the property located at 2155 Ibis Isle Rd 0010, Palm Beach, FL. (Stevens Decl. ¶ 6).

10. After the injunction was entered, Marilyn Peirce and Illustrated failed to remove AAP's copyrighted Martinique work from their MLS listing for the sale of the property located at 4000 N. Ocean Drive #401 Singer Island, FL. (Stevens Decl. ¶ 25).

11. After the injunction was entered, Andrew Russo and Illustrated failed to remove AAP's copyrighted Juno Beach work from their MLS listing for the sale of the property located at 4000 N. Ocean Drive #401 Singer Island, FL until Robert Stevens contacted the Realtors' Association of the Palm Beaches and demanded they remove the photograph on May 3, 2017. (Stevens Decl. ¶ 28).

12. After the injunction was entered, Illustrated and Rose Vasha failed to remove AAP's copyrighted Ocean Royale Works from their website, www.rosevasha.ipre.com and AAP's photographs still appear on the website as of today. (Stevens Decl. ¶ 11).

13. After the injunction was entered, Illustrated and Marilyn Peirce failed to remove AAP's Martinique Work, Oasis Work, and Resort at Singer Island Work from Marilyn Peirce's website, www.singerislandproeprties.com and Illustrated and Marilyn Pierce's website, www.marilynpierce.ipre.com. AAP's photographs still appear on both of the website as of today. (Stevens Decl. ¶¶ 24, 29).

14. After the injunction was entered, Illustrated and Kathy McLane failed to remove AAP's Ocean Trail Work from Kathy McLane's website, www.kathymclane.com/for_rent and AAP's photographs still appear on the website as of today. (Stevens Decl. ¶ 26).

15. After the injunction was entered, Illustrated and Andrew Russo failed to remove AAP's Ocean Trail Work, Juno Beach Work, Heritage Oaks Work, and Martinique at Abacoa Work from Andrew Russo's website, www.jupiterpropertysearch.com. The Ocean Trail, Heritage Oaks, and Martinique at Abacoa Works still appear on the website as of today. The Juno Beach Work appeared on the website until at least May 2, 2017. (Stevens Decl. ¶¶ 31-34).

16. After the injunction was entered, Illustrated and Rose Vasha failed to remove a YouTube video that displayed AAP's Ocean Royale Work on Illustrated's YouTube Channel. The video has not been removed from YouTube to date. (Stevens Decl. ¶ 12).

17. After the injunction was entered, Illustrated and Kathy McLane failed to remove YouTube videos that displayed AAP's Ocean Trail Work on Illustrated's YouTube Channel. The videos have not been removed from YouTube to date. (Stevens Decl. ¶¶ 17, 18).

18. After the injunction was entered, Illustrated and Kathy McLane failed to remove YouTube videos that displayed AAP's Ocean Trail Work on Illustrated's YouTube Channel until after Illustrated was confronted with the videos in its deposition on April 25, 2017. (Stevens Decl. ¶¶ 15, 16).

19. After the injunction was entered, Illustrated and Marilyn Peirce failed to remove YouTube videos that displayed AAP's Connemara Work and Martinique Work on Illustrated's YouTube Channel. The videos have not been removed from YouTube to date. (Stevens Decl. ¶¶ 19-23).

20. After the injunction was entered, Illustrated failed to remove a YouTube video that displayed AAP's Jupiter Lighthouse Work. The video has not been removed from YouTube to date. (Stevens Decl. ¶ 30).

21.     Illustrated claimed at its deposition to have distributed the injunction to all the individual defendants in this case and all their agents, and claims to have received signed copies of the injunction from all the individual defendants in this case and from all but about 30 of their roughly 600 agents. (Deposition of Illustrated 98:19-25; 99:1-7; 94:14).

22.     Illustrated claimed at its deposition that it has told its agents that they are not allowed to use any pictures in any media unless they personally took the pictures or they hired the photographer. (Illustrated Deposition 96:6-20; 136:12-17).

23.     The evidence presented in the Declaration of Robert Stevens contradicts Illustrated's assurances and shows that neither Illustrated nor its agents intend to comply with this Court's injunction.

### III.    MEMORANDUM OF LAW

The preliminary injunction enjoins Illustrated and its officers, agents, servants, employees and attorneys and all persons in active concert or participation with them from copying, displaying, or distributing AAP's photographs in any media.  In spite of that order, Illustrated has continued to copy, display, and distribute AAP's photographs in MLS listings, on Illustrated's YouTube channel, on Illustrated's web pages, on agents web pages, and in printed media either by posting new infringements or failing to remove old infringements.

AAP should not be required to police Illustrated's actions; that is Illustrated's responsibility.  In order to ensure that the infringements cease, this Court should hold Illustrated in contempt and, in addition to awarding AAP its attorneys' fees and costs, the Court should order Illustrated to certify that it has removed and ceased all infringements of AAP's copyrights on any MLS listing, any of its websites, or in any of its printed advertisements.

### A. Requirements for Contempt

"A party commits contempt when he violates a definite and specific order of the Court requiring him to perform or refrain from performing a particular act or acts with knowledge of the Court's order." *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir. 1995). Courts possess the inherent authority to enforce their own injunctive decrees. *Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir.1985), cert. denied, 474 U.S. 1056 (1986).*

A party seeking civil contempt bears the initial burden of proving that the alleged contemnors violated a court order. *Chicago Truck Drivers Union Pension Fund v. Brotherhood Labor Leasing,* 207 F.3d 500, 505 (8th Cir. 2000). If the moving party satisfies its initial burden, the burden shifts to the alleged contemnor to show inability to comply. *Id*. To meet this burden, the alleged contemnor must do more than simply assert a present inability, and must instead establish: (1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply. *Id.* at 506.

The mere fact that a party may have taken steps toward achieving compliance is not a defense to a contempt charge. *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir. 1986).

In the civil contempt context the district court's discretion in imposing non-coercive sanctions is particularly broad and only limited by the requirement that they be compensatory. *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1521 (11th Cir. 1990).

### B. Defendants Violated the Preliminary Injunction

The preliminary injunction order issued by this Court enjoins Illustrated "from copying, displaying, or distributing AAP's photographs in any media." [DE 55 at 2]. Illustrated and the

defendants have continued to violate the injunction since it was entered on February 3, 2017. The evidence set forth above and in the Declaration of Robert Stevens shows that the Defendants have violated the injunction by both not removing infringements that began before the injunction was entered and adding new infringements that only began after the injunction was entered. In spite of the injunction, Illustrated's infringement continues to this day without abatement. The Defendants have refused to comply with this Court's order or simply ignored it.

### IV.   CONCLUSION

AAP has been forced to police the Defendants and their use of AAP's photographs. That is defendants' responsibility, not AAP's. Defendants continue to violate AAP's rights in defiance of this Court's order. Illustrated, Rose Vasha, Gabriel Vasha, Marilyn Peirce, Suzanne Stoll, and Andrew Russo should be held in contempt. Furthermore, this Court should order all of defendants' websites, YouTube channels, print advertising, and MLS listings be suspended until such time as defendants certify to this Court that there are no infringements of AAP's copyrights. This Court should also award AAP its costs and attorneys' fees for this motion.

**WHEREFORE**, this Court should enter an order:

a. holding defendants Illustrated, Rose Vasha, Gabriel Vasha, Marilyn Peirce, Suzanne Stoll, and non-party Andrew Russo be held in civil contempt for violating the terms of this Court's Order Approving Consent Preliminary Injunction entered at DE 55;

b. order all defendants' websites and YouTube channels shut down during the pendency of this action;

c. order all defendants' print advertising cancelled until such time as the defendants certify that no infringements of Plaintiff's copyrights remain in any print advertisements;

d. order that all defendants' MLS listings be suspended, and that supervisory personnel at Illustrated examine and confirm that none of defendants' MLS listings infringe before reposting, and that in future supervisory personnel at Illustrated be required to approve MLS listings before they are posted to the MLS to ensure that no future listings infringe;

e. order all defendants to pay AAP's attorneys' fees and costs incurred in connection with this motion; and

f. grant such further relief as this Court deems appropriate.

DATED: June 2, 2017    Respectfully submitted,

 /s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
JEROLD I. SCHNEIDER
Florida Bar Number:  26975
jerold.schneider@sriplaw.com
KEVIN E. CUDLIPP
Florida Bar Number:  112433
kevin.cudlipp@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile
*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 2, 2017, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will provide electronic service to the parties listed on the Service List below.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN, ESQ.

## SERVICE LIST

Dale L. Friedman
Rebecca J. Williams
**CONROY SIMBERG**
3440 Hollywood Boulevard, Second Floor
Hollywood, FL  33021
954.961.1400 – Telephone
954.518.8652 – Facsimile
dfriedman@conroysimberg.com
rwilliams@conroysimberg.com

*Attorneys for Defendants*